UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: **10-CV-60050-Jordan-McAliley**

HENRY MCMULLEN, an individual, on
behalf of himself and all others similarly situated,

    Plaintiff,

v.

JENNINGS & VALANCY, P.A.,
a Florida professional association, and
STEVEN S. VALANCY, individually,

    Defendants.

_____/

FILED by VT D.C.
ELECTRONIC

Jan. 13, 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## CLASS ACTION COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## PARTIES

3. Plaintiff, HENRY MCMULLEN ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, JENNINGS & VALANCY, P.A. ("JVPA"), is a Florida Professional Association, engaged in the business of collecting upon debts, with its principal place of business at 311 SE 13th Street, Fort Lauderdale, Florida 33316.

5.      At all times material hereto, Defendant STEVEN S. VALANCY ("VALANCY") is an attorney and member of the Florida Bar doing business at 311 SE 13th Street, Fort Lauderdale, Florida 33316.

6.      Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

7.      Defendants regularly collect or attempt to collect debts for themselves and other parties. They are "debt collectors" as defined in the FDCPA.

8.      At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

9.      All acts or omissions of VALANCY were within the scope of his employment by JVPA or were otherwise authorized by JVPA.

10.     JVPA is vicariously liable for the actions of VALANCY. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir.1994).

## FACTUAL ALLEGATIONS

11.     Defendants sought to collect an alleged debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes.

2

12. On October 9, 2009, Defendants sent Plaintiff a demand letter seeking to collect an alleged debt of $12,451.50 dollars.

13. The October 9, 2009 demand letter was signed by VALANCY.

14. The October 9, 2009 demand letter requests that "any written correspondence required by this Act should be addressed to Mr. Steven S. Valancy, Esq., c/o Jennings & Valancy, P.A., 311 S.E. 13th Street, Ft. Lauderdale, FL 33316; (954)463-1600."

15. A true and correct copy of the demand letter is attached hereto as "Exhibit A".

16. The alleged debt arises from Mr. McMullen's ownership of his personal residence situated at 106 Lake Emerald Drive #303, Oakland Park, Florida 33309-6210.

17. The letter was Defendants' first communication with Plaintiff with respect to the debt alleged therein.

18. The demand letter notifies Plaintiff that he must dispute the alleged debt "in writing" or the Defendants will assume the alleged debt is valid. The relevant portion of the letter reads as follows:

> *The debt described in the letter and/or lien to which this notice is attached will be assumed to be valid by the Creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice,*

3

*disputes, **in writing**, the validity of the debt or some portion thereof.*

[emphasis in original].

19. Under 15 U.S.C § 1692g(a)(3) the Defendant must provide the Plaintiff with:

*[A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector...*

20. Defendants' demand letter impermissibly imposes an additional requirement on Plaintiff requiring him to make a written dispute of the alleged debt in order to prevent the Defendants from assuming the alleged debt is valid.

## CLASS ACTION ALLEGATIONS

21. This action is brought on behalf of a class consisting of (i) all persons with addresses in the state of Florida (ii) to whom letters the same form as Exhibit "A" were sent (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the complaint in this action through the date of certification.

22. Plaintiff alleges on information and belief based upon the Defendants' use of letters in the form of Exhibit "A" that the class is so numerous that joinder

4

of all members of the class is impractical. Based upon Defendants' use of letters in the form of Exhibit "A."

23. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of Exhibit "A." The principal legal issues are whether Defendants' letters in the form of Exhibit "A" violate the FDCPA by failing to properly inform the consumer with respect to the consumer's rights for debt validation in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C §1692g.

24. Mr. McMullen's claim is typical of those of the class members. All are based on the same facts and legal theories.

25. Mr. McMullen will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

26. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

>   (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

5

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate relief with respect to the class as a whole. Mr. McMullen requests certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages.

## COUNT I
## FAILURE TO PROPERLY NOTIFY PLAINTIFF OF HIS RIGHT TO DISPUTE THE DEBT

28. Plaintiff incorporates Paragraphs 1 through 27.

29. Defendants notified Plaintiff that he must dispute the alleged debt "in writing" or Defendants would assume the debt was valid in violation of 15 U.S.C § 1692g. See *Baez v. Wagner & Hunt, P.A.*, 442 F. Supp. 2d 1273, 1274 (S. D. Fla. 2006); *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1079 (9th Cir. 2005).

30. As a result of Defendants' conduct, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k.

31. Plaintiff and the class are entitled to an award of costs and attorney fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendants, JENNINGS & VALANCY, P.A., a Florida professional association, and STEVEN J. VALANCY, an individual, for:

6

  a. Statutory damages pursuant to 15 U.S.C. §1692k;

  b. Attorney's fees, litigation expenses and costs of the instant suit; and

  c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 11TH day of January 2010.

        SCOTT D. OWENS, ESQ.
        Attorney for Plaintiff
        Cohen & Owens, P.A.
        3801 Hollywood Blvd., Suite 200
        Hollywood, FL 33021
        Telephone: 954-923-3801
        Facsimile: 954-967-2791
        scott@cohenowens.com

By: _____
  Scott D. Owens, Esq.
  Florida Bar No. 0597651

*Law Offices*
## JENNINGS & VALANCY, P.A.
311 SE 13TH STREET
FORT LAUDERDALE, FLORIDA 33316
TEL. (954) 463-1600 • FACS. (954) 463-1222

October 9, 2009

<u>**VIA REGULAR MAIL & CERTIFIED**</u>

Henry J. McMullen
106 Lake Emerald Drive #303
Oakland Park, florida 33309-6210

RE:   Lake Emerald Owners Association, Inc., Ref. 106303, 106 Lake Emerald Drive

Dear Owner:

We represent Lake Emerald Owners Association, Inc. Our client has advised us that you have failed to pay assessments and Special Assessments due through October 2009, on the above referenced unit (account ledger attached). Specifically, the sum of $12,219.92 is due and owing. In addition, our client has incurred attorneys' fees in the amount of $231.58.

**Demand is hereby made for payment in the amount of $12,451.50 within thirty (30) days from the date of this letter.** *Payment must be in the form of a cashier's check or money order made payable to Steven S. Valancy, P.A. Trust Account and must be received by this office.* <u>No partial payments will be accepted unless approved in writing by this office.</u> Do not attempt to send payment to the Association Office; the payment will be returned to you. Any questions regarding this matter should be directed to our office.

In the event that payment is not received within thirty (30) days, our client has instructed us to take further action to effectuate collection. This may include filing a lien against your property. Should this become necessary, you may be held accountable for all additional attorneys' fees and costs incurred by our client.

If you dispute the amount or validity of this debt, you have the right to request additional information or documentation evidencing the debt pursuant to the Fair Debt Collections Practices Act as more fully set forth in the attached enclosure.

Very truly yours,

JENNINGS & VALANCY, P.A.

Steven S. Valancy

SSV:da

Enclosures: Fair Debts Collection Practices Act
            Account ledger

**EXHIBIT A**

## NOTICE REQUIRED BY FAIR DEBTS COLLECTION PRACTICES ACT
## 15 U.S.C. § 1601 et seq., as amended

**We are attempting to collect a debt. Any information obtained will be used for that purpose.**

1. The amount of the debt is stated in the letter and/or lien to which this notice is attached.

2. The Creditor as named in the letter and/or lien to which this notice is attached is the Creditor to whom the debt is owed; the **law firm sending this notice** is the Creditor's law firm.

3. The debt described in the letter and/or lien to which this notice is attached will be assumed to be valid by the Creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice, disputes, **in writing**, the validity of the debt or some portion thereof.

4. If the debtor notifies the Creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion of it is disputed, the Creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by the Creditor's law firm.

5. The name of the Creditor is set forth in the letter and/or lien to which this notice is attached.

6. Any written correspondence required by this Act should be addressed to **Mr. Steven S. Valancy, Esq., c/o Jennings & Valancy, P.A., 311 S.E. 13th Street, Ft. Lauderdale, FL 33316; (954) 463-1600.**


## PLEASE BE ADVISED:

## IF YOU ARE CURRENTLY SUBJECT TO THE PROTECTIONS OF ANY AUTOMATIC STAY IN BANKRUPTCY, OR HAVE OBTAINED A DISCHARGE IN A BANKRUPTCY PROCEEDING, NOTHING STATED HEREIN SHOULD BE CONSTRUED AS AN ATTEMPT BY THIS FIRM TO IMPOSE PERSONAL LIABILITY FOR THE DEBT.

10/1/09 at 16:22:17.48

# LAKE EMERALD OWNERS ASSOCIATION
## ACCOUNT BALANCE DUE

Page: 1

Filter Criteria includes: 1) IDs from 106303 to 106303. Report order is by ID. Report is printed in Detail Format.

| Customer ID / Customer | Invoice/CM # | Date | Invoice Amt | Payments | Amount Due |
|---|---|---|---|---|---|
| 106303 HENRY J. MC MULLEN | S-A 08-09-05 ELV | 8/9/05 | 3,809.65 | 2,944.64 | 865.01 |
| | S-A 03-14-06 FA | 3/14/06 | 382.86 | | 382.86 |
| | S-A 03-14-06 CR | 3/14/06 | 4,582.55 | | 4,582.55 |
| | S-A 08-13-07 SBA | 9/1/07 | 1,031.19 | | 1,031.19 |
| | S-A 02-02-09 LS | 2/2/09 | 3,048.61 | | 3,048.61 |
| | 200906 | 6/1/09 | 451.94 | | 451.94 |
| | 200907 | 7/1/09 | 451.94 | | 451.94 |
| | PTAX-R-071009 | 7/9/09 | 50.00 | | 50.00 |
| | 200908 | 8/1/09 | 451.94 | | 451.94 |
| | 200909 | 9/1/09 | 451.94 | | 451.94 |
| | 200910 | 10/1/09 | 451.94 | | 451.94 |

106303
HENRY J. MC MULLEN                                                                 12,219.92

Report Total                                                                       12,219.92

10/1/09 at 16:31:47.10

Page: 1

# LAKE EMERALD OWNERS ASSOCIATION
## RESIDENT'S Ledgers
### For the Period From Jan 1, 2005 to Oct 31, 2009

Filter Criteria includes: 1) IDs from 106303 to 106303. Report order is by ID. Report is printed in Detail Format.

| Customer ID / Customer / Address line 1 / Address line 2 / City ST ZIP / Telephone 1 | Date | Trans No | Type | Paid | Debit Amt | Credit Amt | Balance |
|---|---|---|---|---|---|---|---|
| 106303 HENRY J. MC MULLEN 106 LAKE EMERALD DRIVE APT 303 OAKLAND PARK, FL 33309 954-733-0549 | 1/1/05 | 200501 | SJ | * | 427.96 | | 427.96 |
| | 1/24/05 | 2104 | CRJ | | | 427.96 | 0.00 |
| | 2/1/05 | 200502 | SJ | * | 427.96 | | 427.96 |
| | 2/4/05 | 2110 | CRJ | | | 427.96 | 0.00 |
| | 3/1/05 | 200503 | SJ | * | 427.96 | | 427.96 |
| | 3/17/05 | 2117 | CRJ | | | 427.96 | 0.00 |
| | 4/1/05 | 200504 | SJ | * | 427.96 | | 427.96 |
| | 4/1/05 | S-A 03-29-05 | SJ | * | 218.36 | | 646.32 |
| | 4/18/05 | 2129 | CRJ | | | 427.96 | 218.36 |
| | 5/1/05 | 200505 | SJ | * | 427.96 | | 646.32 |
| | 5/18/05 | 2166 | CRJ | | | 427.96 | 218.36 |
| | 6/1/05 | 200506 | SJ | * | 427.96 | | 646.32 |
| | 6/2/05 | S-A 06-02-05 SL | SJ | * | 158.19 | | 804.51 |
| | 6/23/05 | 2174 | CRJ | | | 427.96 | 376.55 |
| | 7/1/05 | 200507 | SJ | * | 427.96 | | 804.51 |
| | 7/13/05 | 2184 | CRJ | | | 427.96 | 376.55 |
| | 8/1/05 | 200508 | SJ | * | 427.96 | | 804.51 |
| | 8/4/05 | 2194 | CRJ | | | 427.96 | 376.55 |
| | 8/9/05 | S-A 08-09-05 EL | SJ | | 3,809.65 | | 4,186.20 |
| | 9/1/05 | 200509 | SJ | * | 427.96 | | 4,614.16 |
| | 10/1/05 | 200510 | SJ | * | 427.96 | | 5,042.12 |
| | 10/17/05 | 2219 | CRJ | | | 427.96 | 4,614.16 |
| | 11/1/05 | 200511 | SJ | * | 427.96 | | 5,042.12 |
| | 12/1/05 | 200512 | SJ | * | 427.96 | | 5,470.08 |
| | 12/1/05 | 2234 | CRJ | | | 427.96 | 5,042.12 |
| | 12/16/05 | 2239 | CRJ | | | 427.96 | 4,614.16 |
| | 12/21/05 | 2241 | CRJ | | | 427.96 | 4,186.20 |
| | 1/1/06 | 200601 | SJ | * | 437.36 | | 4,623.56 |
| | 1/19/06 | 2250 | CRJ | | | 437.36 | 4,186.20 |
| | 2/1/06 | 200602 | SJ | * | 437.36 | | 4,623.56 |
| | 2/1/06 | SC2005 | SJ | * | 26.69 | | 4,650.25 |
| | 2/10/06 | 2258 | CRJ | | | 437.36 | 4,212.89 |
| | 3/1/06 | 200603 | SJ | * | 437.36 | | 4,650.25 |
| | 3/1/06 | SC2005-03 | SJ | * | 26.69 | | 4,676.94 |
| | 3/14/06 | S-A 03-14-06 FA | SJ | | 382.86 | | 5,059.80 |
| | 3/14/06 | S-A 03-14-06 C | SJ | | 4,582.55 | | 9,642.35 |
| | 3/23/06 | 2264 | CRJ | | | 462.36 | 9,179.99 |
| | 4/1/06 | SC2005-04 | SJ | * | 26.69 | | 9,206.68 |
| | 4/1/06 | 200604 | SJ | * | 437.36 | | 9,644.04 |
| | 4/4/06 | S-A 04-04-06 H | SJ | * | 1,413.31 | | 11,057.35 |
| | 4/19/06 | 2267 | CRJ | | | 385.84 | 10,671.51 |
| | 4/19/06 | 2268 | CRJ | | | 437.36 | 10,234.15 |
| | 5/1/06 | SC2005-05 | SJ | * | 26.69 | | 10,260.84 |
| | 5/1/06 | 200605 | SJ | * | 437.36 | | 10,698.20 |
| | 5/10/06 | 2272 | CRJ | | | 437.36 | 10,260.84 |
| | 6/1/06 | 200606 | SJ | * | 437.36 | | 10,698.20 |
| | 6/1/06 | SC2005-06 | SJ | * | 26.69 | | 10,724.89 |
| | 6/15/06 | 2279 | CRJ | | | 96.46 | 10,628.43 |
| | 6/15/06 | 2278 | CRJ | | | 437.36 | 10,191.07 |
| | 7/1/06 | 200607 | SJ | * | 437.36 | | 10,628.43 |
| | 7/1/06 | SC2005-07 | SJ | * | 26.69 | | 10,655.12 |
| | 7/10/06 | 2285 | CRJ | | | 96.46 | 10,558.66 |
| | 7/12/06 | 2284 | CRJ | | | 437.36 | 10,121.30 |
| | 8/1/06 | 200608 | SJ | * | 437.36 | | 10,558.66 |
| | 8/1/06 | SC2005-08 | SJ | * | 26.69 | | 10,585.35 |
| | 8/16/06 | 2296 | CRJ | | | 96.46 | 10,488.89 |
| | 8/18/06 | 2295 | CRJ | | | 437.36 | 10,051.53 |
| | 9/1/06 | 200609 | SJ | * | 437.36 | | 10,488.89 |
| | 9/1/06 | SC2005-09 | SJ | * | 26.69 | | 10,515.58 |

10/1/09 at 16:31:47.15                                                                                                    Page: 2

## LAKE EMERALD OWNERS ASSOCIATION
## RESIDENT'S Ledgers
### For the Period From Jan 1, 2005 to Oct 31, 2009

Filter Criteria includes: 1) IDs from 106303 to 106303. Report order is by ID. Report is printed in Detail Format.

| Customer ID<br>Customer<br>Address line 1<br>Address line 2<br>City ST ZIP<br>Telephone 1 | Date | Trans No | Type | Paid | Debit Amt | Credit Amt | Balance |
|---|---|---|---|---|---|---|---|
| | 9/12/06 | 2304 | CRJ | | | 96.46 | 10,419.12 |
| | 9/15/06 | 2303 | CRJ | | | 437.36 | 9,981.76 |
| | 10/1/06 | SC2005-10 | SJ | * | 26.69 | | 10,008.45 |
| | 10/1/06 | 200610 | SJ | * | 437.36 | | 10,445.81 |
| | 11/1/06 | SC2005-11 | SJ | * | 26.69 | | 10,472.50 |
| | 11/1/06 | 200611 | SJ | * | 437.36 | | 10,909.86 |
| | 11/29/06 | 503 | CRJ | | | 1,312.08 | 9,597.78 |
| | 11/30/06 | 504 | CRJ | | | 1,702.69 | 7,895.09 |
| | 12/1/06 | SC2005-12 | SJ | * | 26.69 | | 7,921.78 |
| | 12/1/06 | 200612 | SJ | * | 437.36 | | 8,359.14 |
| | 1/1/07 | 200701 | SJ | * | 439.48 | | 8,798.62 |
| | 2/1/07 | 200702 | SJ | * | 439.48 | | 9,238.10 |
| | 2/1/07 | SC2007-02 | SJ | * | 25.16 | | 9,263.26 |
| | 2/5/07 | S-A 02-05-07 E | SJ | * | 567.60 | | 9,830.86 |
| | 2/14/07 | 513 | CRJ | | | 1,318.44 | 8,512.42 |
| | 2/14/07 | 514 | CRJ | | | 567.60 | 7,944.82 |
| | 2/15/07 | 515 | CRJ | | | 357.24 | 7,587.58 |
| | 3/1/07 | 200703 | SJ | * | 439.48 | | 8,027.06 |
| | 3/1/07 | SC2007-03 | SJ | * | 25.16 | | 8,052.22 |
| | 4/1/07 | 200704 | SJ | * | 439.48 | | 8,491.70 |
| | 4/1/07 | SC2007-04 | SJ | * | 25.16 | | 8,516.86 |
| | 4/4/07 | 525 | CRJ | | | 357.24 | 8,159.62 |
| | 4/4/07 | 526 | CRJ | | | 878.96 | 7,280.66 |
| | 5/1/07 | 200705 | SJ | * | 439.48 | | 7,720.14 |
| | 5/1/07 | SC2007-05 | SJ | * | 25.16 | | 7,745.30 |
| | 6/1/07 | 200706 | SJ | * | 439.48 | | 8,184.78 |
| | 6/1/07 | SC2007-06 | SJ | * | 25.16 | | 8,209.94 |
| | 7/1/07 | 200707 | SJ | * | 439.48 | | 8,649.42 |
| | 7/1/07 | SC2007-07 | SJ | * | 25.16 | | 8,674.58 |
| | 8/1/07 | 200708 | SJ | * | 439.48 | | 9,114.06 |
| | 8/1/07 | SC2007-08 | SJ | * | 25.16 | | 9,139.22 |
| | 9/1/07 | 200709 | SJ | * | 439.48 | | 9,578.70 |
| | 9/1/07 | SC2007-09 | SJ | * | 25.16 | | 9,603.86 |
| | 9/1/07 | S-A 08-13-07 S | SJ | | 1,031.19 | | 10,635.05 |
| | 10/1/07 | 200710 | SJ | * | 439.48 | | 11,074.53 |
| | 10/1/07 | SC2007-10 | SJ | * | 25.16 | | 11,099.69 |
| | 11/1/07 | 200711 | SJ | * | 439.48 | | 11,539.17 |
| | 11/1/07 | SC2007-11 | SJ | * | 25.16 | | 11,564.33 |
| | 12/1/07 | 200712 | SJ | * | 439.48 | | 12,003.81 |
| | 12/1/07 | SC2007-12 | SJ | * | 25.16 | | 12,028.97 |
| | 1/1/08 | 200801 | SJ | * | 444.54 | | 12,473.51 |
| | 2/1/08 | 200802 | SJ | * | 444.54 | | 12,918.05 |
| | 3/1/08 | 200803 | SJ | * | 444.54 | | 13,362.59 |
| | 4/1/08 | 200804 | SJ | * | 444.54 | | 13,807.13 |
| | 5/1/08 | 200805 | SJ | * | 444.54 | | 14,251.67 |
| | 6/1/08 | 200806 | SJ | * | 444.54 | | 14,696.21 |
| | 7/1/08 | 200807 | SJ | * | 444.54 | | 15,140.75 |
| | 8/1/08 | 200808 | SJ | * | 444.54 | | 15,585.29 |
| | 9/1/08 | 200809 | SJ | * | 444.54 | | 16,029.83 |
| | 10/1/08 | 200810 | SJ | * | 444.54 | | 16,474.37 |
| | 11/1/08 | 200811 | SJ | * | 444.54 | | 16,918.91 |
| | 12/1/08 | 200812 | SJ | * | 444.54 | | 17,363.45 |
| | 1/1/09 | 200901 | SJ | * | 451.94 | | 17,815.39 |
| | 2/1/09 | 200902 | SJ | * | 451.94 | | 18,267.33 |
| | 2/2/09 | S-A 02-02-09 LS | SJ | | 3,048.61 | | 21,315.94 |
| | 3/1/09 | 200903 | SJ | * | 451.94 | | 21,767.88 |
| | 4/1/09 | 200904 | SJ | * | 451.94 | | 22,219.82 |
| | 5/1/09 | 200905 | SJ | * | 451.94 | | 22,671.76 |
| | 6/1/09 | 200906 | SJ | | 451.94 | | 23,123.70 |

10/1/09 at 16:31:47.18                                                                                        Page: 3

## LAKE EMERALD OWNERS ASSOCIATION
## RESIDENT'S Ledgers
### For the Period From Jan 1, 2005 to Oct 31, 2009

Filter Criteria includes: 1) IDs from 106303 to 106303. Report order is by ID. Report is printed in Detail Format.

| Customer ID / Customer / Address line 1 / Address line 2 / City ST ZIP / Telephone 1 | Date | Trans No | Type | Paid | Debit Amt | Credit Amt | Balance |
|---|---|---|---|---|---|---|---|
| | 6/24/09 | RR ESCROW//1 | CRJ | | | 12,761.54 | 10,362.16 |
| | 7/1/09 | 200907 | SJ | | 451.94 | | 10,814.10 |
| | 7/9/09 | PTAX-R-071009 | SJ | | 50.00 | | 10,864.10 |
| | 8/1/09 | 200908 | SJ | | 451.94 | | 11,316.04 |
| | 9/1/09 | 200909 | SJ | | 451.94 | | 11,767.98 |
| | 10/1/09 | 200910 | SJ | | 451.94 | | 12,219.92 |