UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-cv-60050 Jordan-McAliley

HENRY MCMULLEN,

        Plaintiff,

vs.

JENNINGS & VALANCY, P.A.
and  STEVEN J. VALANCY,

        Defendants.
_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

Plaintiff, Henry McMullen (the "Class Representative"), and Defendants, Jennings & Valancy, P.A. and Steven J. Valancy, request that the Court enter an order: (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Settlement Agreement; (3) directing notice to the Class; (4) setting dates for opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

In support of their motion, the Parties state:

1.    Counsel for Plaintiff and Defendants have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and expense involved in pursuing the litigation to conclusion.

2.    Based upon this review and analysis, Plaintiff and Defendants embarked upon and concluded comprehensive settlement discussions and executed the Class Action Settlement Agreement (the "Settlement Agreement"), attached hereto as Exhibit "A".

3.     Plaintiff and Defendants have also considered the factors required to certify a class action under Federal Rule of Civil Procedure 23 and agree that, for settlement purposes only, the following requirements are met:

   a.   The settlement class is sufficiently numerous such that joinder is impracticable.

   b.   There are questions of law and fact common to the settlement class that predominates over any questions affecting only individual members.

   c.   The settlement class representative has claims typical to the settlement class members.

   d.   The settlement class representative and his counsel are adequate representatives for the settlement class.

   e.   Settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

4.     Defendants are a lawyer and a law firm. Defendants have made affirmative their combined net worth is less than $2,000,000.

5.     Under the terms of the Class Action Settlement Agreement and subject to court approval;

   a.   Defendants must pay each Class member, who timely returns a claim form and does not op-out of the settlement and Class Action, a *pro rata* share of the $12,000.00 or the maximum amount paid to any class member is $1,000.00. Defendants must pay as statutory damages of $1,000 to Plaintiff, as Class Representative for their role in this litigation. Plaintiff may request that in addition to the statutory damages of $1,000 to the Class Representative, the Court should approve an

incentive awardd to Class Representative ranging from $500 to $1,500 which shall be paid out of the class fund.  Defendant does not take a position as to whether the incentive is appropriate.

      b.      Using First Class, Inc. as the Settlement Administrator, Defendants must cause to be mailed by first class mail: (1) the Class Notice and Claim Form, and (2) the settlement checks.

      c.      Defendants must pay the costs of providing the Notice of Class Action and Claim Form to each of the Class members at their last known addresses using First Class, inc., as the Settlement Administrator.  Defendants must pay the cost of distributing settlement checks to those Class Members who returned the Claim Form and do not opt out of the settlement using First Class, Inc.

      d.      To the extent that there are any funds from uncashed, expired Settlement Checks, an amount equal to the amount of such uncashed checks must be paid over as a *cy pres* award to Broward County Legal Aid.

      e.      Counsel for the Plaintiff is entitled to an award of attorney's fees and costs which must be approved by the Court.  The parties have not reached an agreement on the amount of the attorney fees and costs to be awarded but will attempt to do so.  Defendants must pay the attorney's fees and costs that the Court awards and approves.  The attorney fees and cost is to be paid in addition to, and not out of the amounts paid to the Class Representative and the Class Members.

6.      Counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair,

3

reasonable, and adequate, and would be in the best interests of the members of the proposed class.

7. The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

8. The Parties have agreed on the form of notice to be sent to the Class, attached as Exhibit "B", via first class mail.  The Parties have agreed that no further notice to the Class is required.

9. Defendants agree that Scott D. Owens, Esq. is an adequate Class Counsel.  The parties request that pursuant to Fed. R. Civ. P. 23 (g).

10. The Parties have agreed on the proposed preliminary approval order and final approval order, attached as Exhibits "C" and "D", respectively.

WHEREFORE, the Parties respectfully request

>MARSHALL, DENNEHEY, WARNER
>COLEMAN & GOGGIN
>Counsel for Defendant
>1 East Broward Boulevard
>Suite 500
>Ft. Lauderdale, Florida 33301
>Telephone:  (954) 847-4920
>Facsimile:    (954) 627-6640
>
>
>By ___/s/_Craig S. Hudson_____
>    Craig S. Hudson
>    Florida Bar No. 27940
>    cshudson@mdwcg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record or *pro se* parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counselor parties who are not authorized to receive electronically Notices of Electronic Filing.

By /s/ Craig S. Hudson
Craig S. Hudson

22/396174.v1